JOHN H. BRAND & CO. *v.* DAVID RUHL.

[Abstract Kentucky Law Reporter, Vol. 1—417.]

Record on Appeal—Presumptions.

When the record on appeal does not disclose how a trial court ruled on a question of law, the Court of Appeals will presume the ruling to be correct, and when it is not shown what ruling, if any, was made on a warranty set up as a counterclaim by the defendant, the court will presume that the plaintiff was liable on his warranty, and that the court deducted as damages what it thought were recoverable.

Measure of Recovery on a Warranty.

The proper measure of a recovery on a warranty on wagons sold is the difference between what the wagons were worth at the time of delivery and what they would have been worth if they had been such as they were warranted to be.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

November 20, 1880.

OPINION BY JUDGE COFER:

Conceding, as we are inclined to do, that counsel state the law correctly in regard to the warranty of the wagons, the result must be the same. Some of the items of appellee's account were denied and others were not, and as to some of those that were denied the evidence was conflicting. It is, therefore, impossible for this court to know how much of that account the court below found to be correct. Suppose he found in favor of the appellee not only the items not denied, but also that were denied, and as to which the evidence was conflicting; this would have entitled the appellee to judgment for a larger sum than that for which judgment was rendered, and as there is nothing in the record to show what the court ruled upon the question of warranty, how can this court know that the court did not find something for the appellants on their counterclaim and deduct it from the amount found for the appellee on his account, and in that way arrived at $30 as the sum for which the appellee was entitled to judgment.

When the record does not show how the court below ruled a question of law, this court will presume it was correctly ruled, and we must therefore presume that he found the appellee was liable on the warranty, and allowed such damages as he thought were recoverable thereon and deducted it from the amount found for the appellee on his account.

We do not overlook the fact that one of the appellants testified without contradiction that from the time appellee refused to do any more work upon the wagons the worthless nature of his work had necessitated repairs that had cost $105.45. That was not the criterion of the recovery on the warranty. The criterion was the difference between what the wagons were worth at the time of delivery and what they would have been worth if they had been such as they were warranted to be.

We cannot, therefore, disturb the finding on the ground that the court should have allowed a greater sum by way of damages than the difference between what he was authorized to find for the appellee and the amount for which judgment was rendered.

Petition *overruled.*

*Simrall & Bodley, for appellant.  Rodman & Brown, for appellee.*